[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12301
Non-Argument Calendar

_____

Agency No. A079-477-563

MOLAR ANEES GOURGY,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 19, 2014)

Before MARCUS, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Moral Anees Gourgy, a native and citizen of Egypt, seeks review of the final

order of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judge's ("IJ") denial of his motion to reopen his removal proceedings. In his

petition, Gourgy argues that he demonstrated materially changed conditions regarding treatment of Coptic Orthodox Christians in Egypt which were sufficient to excuse the untimeliness of his motion, pursuant to 8 C.F.R. § 1003.23(b)(4)(i). After thorough review, we deny the petition.

We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1364 (11th Cir. 2011). Where the BIA issued its own opinion and relied on the IJ's opinion and reasoning without expressly adopting that opinion, we review the IJ's opinion to the extent that the BIA determined that the IJ's reasons were supported by the record. Id. Here, the BIA did not expressly adopt the IJ's opinion, but did conclude that the IJ correctly determined that Gourgy did not provide sufficient evidence to excuse the untimely filing of his motion to reopen; we therefore review the IJ's opinion only with respect to that issue. We review the denial of a motion to reopen for abuse of discretion, and the review is limited to determining whether the exercise of administrative discretion was arbitrary or capricious. Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256 (11th Cir. 2009).

Under the Immigration and Nationality Act ("INA"), a party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. §

1229a(c)(7)(A)-(B).  A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. 8 U.S.C. § 1229a(c)(7)(C)(i).

Governing regulations provide that an exception to the time limit applies if the motion to reopen: (1) seeks asylum, withholding of removal, or relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"); (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings.  8 C.F.R. § 1003.2(c)(3)(ii) (provisions governing reopening and reconsideration before the BIA); 8 C.F.R. § 1003.23(b)(4)(i) (provisions governing reopening and reconsideration before the Immigration Court).  A party who attempts to show that evidence is material bears a heavy burden, and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result.  Jiang, 568 F.3d at 1256-57.

We have held that, at a minimum, it is within the discretion of the BIA to deny the motion to reopen for the following reasons: (1) failure to establish a prima facie case of eligibility of asylum, withholding of removal, or CAT relief; (2) failure to introduce material evidence that was previously unavailable; and (3) a

3

determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief. Id. at 1256.

The BIA is not required to discuss in its opinion every piece of evidence presented. Seck, 663 F.3d at 1364. Where the BIA has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented. Id. Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Id. (quotation omitted).

There was no abuse of discretion in the denial of Gourgy's motion to reopen. The motion was untimely, since Gourgy filed it more than a year after the entry of his final administrative order of removal, and he failed to establish changed country conditions in Egypt. The IJ concluded, and the BIA agreed, that the evidence submitted in support of Gourgy's motion did not sufficiently demonstrate changed conditions in Egypt with respect to Coptic Christians. Gourgy's final order of removal was issued in March 2012. While he argued that, since that time, the president of Egypt had been replaced by a ruling military authority in a coup d'état, the majority of evidence he submitted related to conditions in Egypt under the former president, and not the new ruling authority. Based on the limited evidence he presented regarding conditions following the coup d'état, we cannot

say that it was arbitrary or capricious for the IJ or BIA to conclude that there had not been a material change from previous conditions concerning the treatment of Coptic Christians in Egypt.

Moreover, the BIA did not abuse its discretion by failing to specifically discuss this evidence in its opinion. To begin with, the BIA is not required to discuss every piece of evidence presented. Further, the IJ noted the evidence, but concluded that it only established that conditions in Egypt continued to include sporadic violence against Coptic Christians, which was not a material change since Gourgy's initial removal proceeding. Because Gourgy did not show materially changed country conditions with respect to the treatment of Coptic Christians in Egypt, his motion was untimely, and he was not entitled to reopen his removal proceedings. Accordingly, there was no abuse of discretion in denying the motion.

**PETITION DENIED.**

5